■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAXIE LAMBERT, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Westchester County (McMahon, J.), rendered January 7, 1981, convicting him, upon a jury verdict, of the crimes of forgery in the second degree, criminal facilitation in the fourth degree, and criminal possession of stolen property in the second degree, and imposing sentence. The appeal brings up for review the denial of defendant's motion to dismiss the indictment upon the ground that the People allegedly failed to bring him to trial within 120 days after his arrival in this State as required by the agreement on detainers (CPL 580.20, art IV, subd [c]). Judgment affirmed. On April 2, 1980, defendant arrived in New York pursuant to a request under the agreement on detainers (CPL 580.20), from a Federal penitentiary where he was serving a sentence. On April 9, 1980, he was arraigned on an indictment charging him with the crimes of forgery in the second degree (two counts), criminal possession of stolen property in the second degree (two counts), criminal possession of stolen property in the third degree, attempted grand larceny in the third degree and petit larceny, and entered a plea of not guilty. The period commencing April 9, 1980 and terminating July 9, 1980, was consumed by the preparation and filing of an omnibus motion by defendant, and necessary adjournments occasioned by the preparation and filing of the court's order determining that motion. By notice of motion dated November 7, 1980, defendant moved to dismiss the indictment on the ground that, even excluding delay attributable to him in filing his omnibus motion, the State had failed to comply with the 120-day time limit for commencing a trial as set forth in CPL 580.20 (art IV, subd [c]). Specifically, defendant's counsel alleged that his case was marked ready for trial on July 9, 1980, that no continuances had been granted to either side since that date, and that the 120-day period, which had commenced on July 9, 1980, had expired on November 6, 1980. In denying defendant's motion to dismiss, Criminal Term, by order dated November 18, 1980, initially determined that defendant's counsel was on "standby" status on another indictment from October 1, 1980 until November 6, 1980. Criminal Term then held, *inter alia,* that defendant was therefore "unable to stand trial" within the meaning of CPL 580.20 (art VI, subd [a]) during the period of October 1, 1980 to November 6, 1980, and that the running of the 120-day period contained in CPL 580.20 (art IV, subd [c]) was tolled during that period pursuant to CPL 580.20 (art VI, subd [a]). Accordingly, Criminal Term denied defendant's motion to dismiss the indictment. Defendant's trial commenced on November 19, 1980 and he was thereafter convicted of certain counts of the indictment. On the instant appeal, defendant argues, that the indictment should have been dismissed due to the People's failure to comply with the 120-day rule contained in CPL 580.20 (art IV, subd [c]). We agree with the holding of Criminal Term, denying defendant's motion to dismiss the indictment. CPL 580.20 (art IV,

subd [c]), insofar as is relevant herein, provides as follows: "(c) In respect of any proceeding made possible by this Article, trial shall be commenced within one hundred twenty days of the arrival of the prisoner in the receiving state". However, CPL 580.20 (art VI, subd [a]) creates an exception to the 120-day rule providing as follows: "(a) In determining the duration and expiration dates of the time periods provided in Articles III and IV of this agreement, the running of said time periods shall be tolled whenever and for as long as the prisoner is unable to stand trial, as determined by the court having jurisdiction of the matter." The record indicates that (1) defendant's counsel was also representing another defendant in *People v Knox* (Ind. No. 80-00014-01) and (2) the *Knox* case, which involved a class D felony as did the case at bar, was marked ready by both sides on June 18, 1980 which was prior to July 9, 1980, the date that the instant case was marked ready for trial. The People alleged in their opposition papers, without contradiction from defendant, that pursuant to the rules of the Office of Court Administration, "[a]fter both parties mark a case ready for trial, the O.C.A. marks each case, in its turn, and they are then moved to standby for trial. Once marked standby, counsel and the parties must appear within two hours after notice by the assigned trial judge." On October 1, 1980, the *Knox* case was marked standby for trial and it remained so until November 6, 1980, when defendant Knox interposed a plea of guilty. During the period that defendant's counsel was on standby on the *Knox* case, defendant's case was not called since, in the words of Criminal Term, "[i]t is the regular practice of this Court to not call in for trial any other matters where defense counsel is on standby on a matter before it." Moreover, it must be stressed that although defendant's trial counsel was apparently familiar with the court's rules and practice in this particular area, she never moved for a preference in the instant matter, but merely waited for 120 days to pass, and then moved to dismiss. Under the circumstances, we are of the view that Criminal Term did not err in determining, pursuant to CPL 580.20 (art VI, subd [a]), that (1) defendant was unable to stand trial during the period between October 1, 1980 and November 6, 1980, because at that time his counsel was on standby status on another indictment which had priority over the instant indictment, and (2) commencing on July 9, 1980, there were not more than 120 days of delay chargeable to the People. Defendant further contends that the indictment must be dismissed, on the basis of the People's failure to comply with the 180-day rule contained in CPL 580.20 (art III, subd [a]). However, that argument was never raised before Criminal Term. Defendant's motion to dismiss pursuant to CPL 580.20 was based solely on the 120-day rule contained in subdivision (c) of article IV thereof. Accordingly, any argument based on CPL 580.20 (art III) has not been preserved for purposes of appellate review (*People v Vidal*, 85 AD2d 701). Finally, we have reviewed defendant's remaining contentions and find them to be without merit. Mangano, J. P., O'Connor, Brown and Boyers, JJ., concur.