■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM PRIVOTT, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of burglary in the first degree (Penal Law § 140.30 [3]) and resisting arrest (Penal Law § 205.30). He claims that a display booth located in the corridor outside the courtroom which contained a sign reading "Crime Hurts—Ask the Victim" was so prejudicial as to deny him a fair trial. Although defendant's attorney noted an objection on the record to the presence of this display immediately after the jury had been selected and sworn and just prior to opening statements, no request was made for additional voir dire of the jurors to determine whether any of them had seen the display or had in any way been influenced by it.

We do not find the situation herein analogous to that in *People v Rivera* (26 NY2d 304). The display booth in this case dealt generally with the subject of crime victims' rights and did not relate to defendant or his pending trial. Furthermore, there was no request for curative instructions or any motion for a mistrial; thus the issue has not been properly preserved for our review *(see, People v McCormick,* 100 AD2d 723; *see also, People v Weston,* 56 NY2d 844, 846).

There is no merit to defendant's assertion that the proof was legally insufficient to show an intent to commit a crime. While defendant concedes that there was evidence of a forced entry, he maintains that the proof was legally insufficient to establish that he intended to commit a crime while inside the dwelling. To secure a conviction for burglary, the People need not establish what particular crime an intruder intended to commit *(People v Mackey,* 49 NY2d 274, 279). Moreover, since intent is subjective, it may be established by proof of defendant's conduct and other facts and circumstances. Defendant had gained entry into a private dwelling by breaking out a basement window during the early morning hours of the day. The intent to commit a crime may be inferred from the circumstances of the breaking and entering *(see, People v Barnes,* 50 NY2d 375, 379-381; *People v Henderson,* 41 NY2d 233, 236-237; *People v Anderson,* 103 AD2d 1011, 1012; *People v Wright,* 92 AD2d 722, 723; *People v Terry,* 43 AD2d 875). Although there was evidence that defendant was intoxicated, the jury was properly instructed concerning the effect of intoxication upon the element of intent (Penal Law § 15.25; *see,* 1 CJI[NY] 9.46). It is apparent that the jury determined, as it had a right to do, that defendant was not so intoxicated as to be incapable of forming an intent to commit a crime within the dwelling.

The record supports the jury's finding that the "sais" (martial arts weapons used by defendant during the course of this burglary) were " '[d]angerous instrument[s]' " as that term is defined in the statute (Penal Law § 10.00 [13]). (Appeal from judgment of Monroe County Court, Celli, J.—burglary, first degree.) Present—Callahan, J. P., Doerr, Boomer, Balio and Lawton, JJ.