■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO VELEZ, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Murray, J.), rendered May 12, 1983, convicting him of burglary in the second degree, petit larceny and criminal possession of stolen property in the third degree, under indictment No. 511/82 upon a jury verdict, and imposing sentence, and (2) a judgment of the same court (Egitto, J.), rendered January 25, 1984, convicting him of robbery in the first degree (three counts), under indictment No. 512/82, upon his plea of guilty, and imposing sentence.

Ordered that the judgments are affirmed.

At approximately midnight on January 27, 1982, the defendant was discovered by the police standing in the doorway of an apartment which had been ransacked. The door had been torn from its hinges and the defendant was found to have been carrying a box containing property which belonged to the occupants of the apartment. Viewing the evidence in the light most favorable to the prosecution, as we must, we find that it is legally sufficient to support the defendant's conviction of the crimes charged under indictment No. 511/82 *(see, People v Contes,* 60 NY2d 620). Moreover, upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]). The jury reasonably inferred that the defendant unlawfully entered the apartment.

As to indictment No. 512/82, the Supreme Court did not abuse its discretion in refusing the defendant's oral request at sentencing to withdraw his guilty plea, since the court found the defendant had voluntarily, knowingly and intelligently admitted to the elements of the crimes during the plea allocution *(see, People v Francis,* 38 NY2d 150; *People v Tinsley,* 35 NY2d 926).

We have examined the defendant's remaining contention and find it to be without merit. Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.