■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOE GINA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered March 24, 1982, convicting him of burglary in the third degree, criminal mischief in the second degree, and criminal possession of stolen property in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the conviction of criminal mischief in the second degree to criminal mischief in the third degree; as so modified, the judgment is affirmed.

The defendant argues that the People failed to prove him guilty of criminal mischief in the second degree beyond a reasonable doubt since the trial evidence did not establish damage to the burglarized jewelry store in excess of $1,500. We agree. The only person who testified to the value of the damaged safe was the complainant, who is not an expert; and no evidence as to the cost of repair or replacement was introduced to support the complainant's allegation that a new safe was necessary, at a cost of $10,000. Since the defendant concedes that the damage exceeded $250, the conviction on this count is reduced to criminal mischief in the third degree.

The defendant also challenges his conviction of criminal possession of stolen property in the first degree based upon the fact that he was found hiding in the ceiling rafters of the burglarized jewelry store when the police discovered him. He was thus allegedly unable ever to exercise "dominion and control" over the bag of stolen jewelry on the floor thereof. The evidence adduced at trial, however, when viewed in the light most favorable to the People (see, People v Contes, 60 NY2d 620) was legally sufficient to establish the defendant's guilt of criminal possession of stolen property in the second degree. The evidence was more than sufficient for the jury to conclude that the arrival of the police had merely interrupted the defendant's wrongful "possession" of the property of another. Moreover, one of the arresting officers testified that the

defendant had confessed to his involvement in the burglary of the premises.

Several remarks of the prosecutrix in her summation, as well as certain questions she posed during direct and cross-examination, are now challenged on appeal. These remarks and questions were either not objected to at trial, or the objections were sustained by the trial court. Defense counsel did not request any curative instructions nor did he move for a mistrial. Therefore, with respect to those comments, no error of law was preserved for appellate review *(see,* CPL 470.05 [2]). Moreover, the errors were harmless since the evidence of the defendant's guilt was overwhelming *(see, People v Crimmins,* 36 NY2d 230).

Finally, the defendant contends that Detective Smith's rebuttal testimony deprived him of a fair trial in that it suggested by way of hearsay, bolstering and improper rebuttal that another officer had already given the defendant his *Miranda* rights. We note that the defendant's objection to this testimony was sustained by the trial court, and curative instructions were given. Defense counsel did not thereafter request further instructions, nor did he move for a mistrial. Therefore, the issue was not preserved for appellate review *(see, People v Santiago,* 52 NY2d 865). Moreover, the defendant himself twice endeavored to use this allegedly objectionable testimony for his own purposes on cross-examination, so that he cannot now be heard to complain that the People gave it undue prominence. Mangano, J. P., Brown, Harwood and Balletta, JJ., concur.