■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH A. LOWMAN, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Martin, J.), rendered February 1, 1984, convicting him of burglary in the third degree, criminal mischief in the fourth degree and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At approximately 3:00 A.M. on March 12, 1981, the police responded pursuant to a radio transmission to a building located at 72 Westchester Avenue in Port Chester. The officers engaged in a surveillance of the building and within a few minutes observed the defendant exit the building through a third-story window. They called to him to "Come down" and though the defendant initially made a move towards an adjacent rooftop, ultimately he followed the officers' orders and came down the fire escape. The defendant was then placed under arrest, at which time the arresting officer noticed that he had a black substance on his fingers and on the palms of his hands. A prompt search of the building revealed that there was no one else present inside. However, certain property damage was discovered. Indentations were found in the wood frame of the window through which the defendant had exited and the window's lock had been broken. The police also found indentations in the wood frame of an internal set of double doors which led to an office containing valuable office equipment; the moulding between the doors had been pulled off and the moulding where the lock striker met the other door was cracked. A 14-inch screwdriver and a tin snip were found on the floor near the window through which the defendant had exited and the handle of the screwdriver had on it a black sticky substance similar to the substance seen on the defendant's hands when he was arrested.

This evidence provided a legally sufficient basis upon which the jury could find the defendant guilty of burglary in the

third degree and possession of burglar's tools. The defendant's intent to commit a crime within the building could be inferred from the circumstances of his entry *(see, People v Mackey,* 49 NY2d 274, 280; *People v Terry,* 43 AD2d 875) as well as the property damage which was discovered within the building, which together are clearly indicative of an intent to commit a larceny. Furthermore, it could reasonably be inferred that the defendant possessed the screwdriver and tin snip which were found in the immediate vicinity of the window through which he exited the building, and which bore a black substance similar to that on his hands at the time that he was arrested.

The defendant's motion to dismiss the indictment on the ground that the People failed to comply with the Interstate Agreement on Detainers (CPL 580.20) was properly denied. When the periods of time during which the defendant was unable to stand trial are excluded *(see,* CPL 580.20 [IV] [a]), it is clear that the time constraints imposed by the Interstate Agreement on Detainers (CPL 580.20 [IV] [c]) were not violated *(see, People v Lambert,* 92 AD2d 550, *affd* 61 NY2d 978). Lawrence, J. P., Kunzeman, Kooper and Spatt, JJ., concur.