THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE MIDDLETON, Appellant.

Viewing the evidence in the light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to sustain his conviction of burglary in the second degree. The defendant does not question the sufficiency of the evidence with respect to the other two convictions. The complainant testified that he had heard the door to his apartment being forced open and thereafter had seen the defendant opening drawers in the bedroom. In addition, police officers testified that the door frame had been damaged. The intent to commit a crime within the premises can be inferred from the circumstances of the break-in *(see, People v Mackey,* 49 NY2d 274, 280; *People v Haile,* 128 AD2d 891). The defendant, whose father owns the premises, testified that he found the apartment door open and only intended to close the place and leave. However, issues of credibility are primarily for the jury to resolve, and its determination will not be set aside if supported by the record *(see, People v Garafolo,* 44 AD2d 86). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's contention that a statement made by him at the police station should have been suppressed because it

was tainted by prior improper police questioning at the crime scene was not specifically raised at the suppression hearing and is therefore unpreserved for appellate review *(see, People v Dancey,* 57 NY2d 1033; *People v Tutt,* 38 NY2d 1011). We conclude that review is not warranted in the interest of justice in view of the overwhelming proof of the defendant's guilt.

The defendant also contends for the first time on appeal that the court should have instructed the jury on the specific crime intended to be committed within the premises, i.e., larceny. When given the opportunity to request such a charge, the defense counsel stated that he did not want the court to charge that a particular crime was intended to be committed within the premises. The issue is therefore unpreserved for our review. In any event, the People were not required to prove the specific crime intended to be committed within the dwelling in order to obtain a conviction for burglary in the second degree *(People v Mackey, supra).*

We agree with the defendant's contention that the prosecutor improperly referred to the defendant's prior crimes during his summation. However, the court belatedly, but pointedly, instructed the jury that the evidence of prior crimes was to be considered only with respect to the issue of the defendant's credibility. Since the defense counsel failed to request any further curative instructions, this issue is unpreserved for appellate review *(see, People v Medina,* 53 NY2d 951). In any event, any error did not deprive the defendant of a fair trial in view of the court's curative instructions *(cf., People v Wood,* 66 NY2d 374). Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.