THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WOODARD, Appellant.—Judgment unanimously affirmed. Memorandum: On October 19, 1986, at approximately 10:00 P.M., defendant and two others broke into the Buffalo Traditional Magnet School, causing damage to school property. We reject defendant's claim that his conviction of criminal mischief in the third degree is not supported by legally sufficient evidence. The general foreman for the Buffalo Board of Education testified that the cost of repair of the window

and doors damaged during the break-in was $343. This testimony was sufficient proof that the value of the damaged property exceeded $250. In order to support a conviction for third degree criminal mischief, "it is sufficient to define value in terms of the cost of repair of the property, so long as the property is repairable" *(People v Simpson,* 132 AD2d 894, 895, *lv denied* 70 NY2d 937; *cf., People v Gaines,* 136 AD2d 731, 734, *lv denied* 71 NY2d 896).

Similarly, we find that the evidence was legally sufficient to support defendant's conviction for burglary in the third degree. Defendant acknowledges his unlawful entry into the school building but contends that the People failed to prove that he intended to commit a crime therein. We reject this contention. Since intent is subjective, it may be established by proof of defendant's conduct and other facts and circumstances *(People v Privott,* 133 AD2d 528, 529, *lv denied* 70 NY2d 936; *see, People v Mackey,* 49 NY2d 274, 279). Defendant's intent can be inferred from the circumstances of his entry into the building *(People v Privott, supra,* at 529; *see, People v Barnes,* 50 NY2d 375, 379-381; *People v Henderson,* 41 NY2d 233, 236-237) as well as from the property damage discovered within the building *(People v Lowman,* 137 AD2d 622, 623). (Appeal from judgment of Erie County Court, Dillon, J.—burglary, third degree; criminal mischief, third degree.) Present—Denman, J. P., Green, Pine, Balio and Davis, JJ.