■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUSTINO TORRES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Felig, J.), rendered October 29, 1987, convicting him of robbery in the first degree (two counts), burglary in the first degree (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements.

Ordered that the judgment is affirmed.

The defendant contends that his oral and written confessions made to the police and a subsequent videotaped confession made to an Assistant District Attorney should have been suppressed. We disagree with the defendant and conclude that suppression of the confessions was properly denied because the evidence supports the hearing court's determination *(see, People v Prochilo,* 41 NY2d 759, 761; *People v Gee,* 104 AD2d 561, *lv denied* 64 NY2d 759) that at the time the defendant made his initial admission to the detective, he was not in custody. Thus *Miranda* warnings were not required at that time *(see, Miranda v Arizona,* 384 US 436). The subsequent confessions, however, were preceded by full *Miranda* warnings, and were therefore, admissible.

The defendant also argues that his conviction of burglary in the first degree must be reversed because there was no evidence that he had entered or remained unlawfully on the victim's premises. This argument has not been preserved for appellate review since it was not specifically raised in the trial court *(see, People v Bynum,* 70 NY2d 858; *People v Bailey,* 146 AD2d 788).

Finally, under the circumstances of this case, we see no reason to disturb the sentence imposed by the trial court *(see, People v Suitte,* 90 AD2d 80). Kooper, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.