■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD WHITFIELD, Appellant.—Judgment unanimously affirmed. Memorandum: Viewing the proof in the light most favorable to the People *(People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932), we conclude that the evidence was legally sufficient to support the jury's determination that defendant was guilty of burglary in the third degree. Defendant's intent to commit a crime within the building can be inferred from the circumstances of the entry *(see, People v Mackey,* 49 NY2d 274, 280; *People v Woodard,* 148 AD2d 997;

*People v Privott,* 133 AD2d 528, *lv denied* 70 NY2d 936) as well as the property damage discovered within the building *(see, People v Lowman,* 137 AD2d 622).

The trial court correctly permitted the prosecutor to impeach Jesse Smallwood by the use of his prior written statement because Smallwood's trial testimony upon a material issue of this case, namely, the intent to commit a crime within the building, tended "to disprove the position" of the People (CPL 60.35 [1]). Moreover, the trial court immediately gave limiting instructions to the jury that the prior contradictory statement was received only for the purpose of impeaching Smallwood's credibility, not as evidence-in-chief (CPL 60.35 [2]).

Defendant's challenge to the entire jury panel was not in writing and is not preserved for our review (CPL 270.10 [2]; *see, People v Prim,* 40 NY2d 946, 947; *People v Smith,* 148 AD2d 929). In any event, defendant failed to meet his initial burden of establishing a prima facie case of the systematic exclusion of blacks from the jury panel *(see, People v Guzman,* 60 NY2d 403, 409, *cert denied* 466 US 951).

Defendant failed to object and thus did not preserve for our review the issue of whether a portion of the trial court's charge impermissibly shifted the People's burden of proof (CPL 470.05 [2]; *People v Thomas,* 50 NY2d 467) and we decline to reach it in the interest of justice (CPL 470.15 [6]). (Appeal from judgment of Ontario County Court, Reed, J.— burglary, third degree.) Present—Denman, J. P., Boomer, Green, Lawton and Davis, JJ.