■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS E. McLEOD, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered March 24, 1989, convicting him of attempted rape in the first degree and rape in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

Contrary to his present contention, the defendant was not denied due process by a purported conversation which took place between a police detective and the complaining witness during the defendant's pretrial hearing. There is ample evidence, in the form of the detective's testimony on the subject, to sustain the factual determination by the hearing court that "[t]he Court is not persuaded that there was any law enforcement misconduct at these pretrial hearings". Inasmuch as the determination is supported by evidence in the record, we

decline to disturb it *(see generally, People v Prochilo,* 41 NY2d 759; *People v Torres,* 151 AD2d 524; *People v Gee,* 104 AD2d 561; *People v Armstead,* 98 AD2d 726).

In any event, even if it is assumed that the detective confirmed the defendant's presence in the courtroom to the witness after she testified, the hearing court correctly determined that suppression of the identification evidence would not be warranted thereby. The record supports, and the defendant does not currently challenge, the hearing court's finding that the lineup procedure from which the defendant had been identified several months before the hearing was not unduly suggestive. Accordingly, evidence of the lineup identification would have been admissible at an ensuing trial of the defendant.

With respect to the question of whether any potential in-court identification of the defendant at an ensuing trial would be permissible, the complainant initially was unable or unwilling to identify the defendant at the hearing. However, following her conversation with the detective, she was recalled to the stand and identified the defendant, explaining that her previous inability to do so was due to the wearing of dark glasses by the defendant, the complainant's failure to wear her own eyeglasses while testifying, and her fear of making an identification. This testimony, combined with the evidence of an independent source for any subsequent in-court identification, adequately supported the hearing court's finding that an in-court identification at an ensuing trial of the defendant would be permissible. As properly noted by the court, any claim of an alleged comment by the detective would go to the weight rather than to the admissibility of the potential in-court identification.

We have considered the defendant's remaining contention and find it to be without merit. Bracken, J. P., Brown, Kunzeman and Sullivan, JJ., concur.