■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE JACKSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered October 19, 1988, convicting him of burglary in the third degree and criminal mischief in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the conviction of criminal mischief in the second degree to criminal mischief in the fourth degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed.

The defendant argues that the People failed to adduce sufficient evidence of his identity as the perpetrator of the crimes. Viewing the evidence in a light most favorable to the prosecution *(People v Contes,* 60 NY2d 620), we find it legally sufficient to establish the defendant's guilt. The identifying witness, an employee of the complainant, had several opportunities to clearly view the defendant as he exited the burglarized premises and during the ensuing chase.

A police officer's testimony that the defendant was identified by this witness at a curb-side confirmatory showup shortly after his apprehension was admissible pursuant to CPL 60.25, since the witness was unable to identify the defendant at the trial *(see, People v Nival,* 33 NY2d 391; *People v Hernandez,* 154 AD2d 197; *People v Brown,* 144 AD2d 373).

However, we agree with the defendant's contention that the People failed to present sufficient evidence that the damage to the premises exceeded the statutorily required $1,500. The proof of damages consisted merely of the testimony of the complainant owner and his employee that the repairs had cost approximately $2,500, and was unsupported by documentation or other evidence that that amount represented the reasonable cost of the repairs (see, People v Gina, 137 AD2d 555; People v Gaines, 136 AD2d 731). Accordingly, the defendant's conviction of criminal mischief in the second degree is reduced to criminal mischief in the fourth degree. However, the matter need not be remitted for resentencing on that count since the defendant has already served the maximum permissible sentence for that crime.

In light of the defendant's prior criminal record, the trial court did not improvidently exercise its discretion with respect to the sentence for burglary in the third degree (see, People v Suitte, 90 AD2d 80).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Lawrence, Kunzeman and Rosenblatt, JJ., concur.