■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG D. GATES, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, after a bench trial, of third degree burglary and fourth degree criminal mischief arising out of his illegal entry into the Elks Club in Batavia, where he was apprehended by police at approximately 4:45 A.M. on April 9, 1988. Defendant contends that the circumstantial evidence is insufficient to support the trial court's finding that, at the time of entry, he had the intent to commit a crime on the premises. We disagree. In burglary cases, the defendant's intent to commit a crime within the premises may be " 'inferred beyond a reasonable

doubt from the circumstances' " of the entry or attempted entry *(People v Mackey,* 49 NY2d 274, 280, 282; *see, People v Barnes,* 50 NY2d 375, 381; *People v Gilligan,* 42 NY2d 969; *People v Wachowicz,* 22 NY2d 369, 371). Additionally, defendant's criminal intent can be inferred from his unexplained, unauthorized presence on the premises, from his actions while on the premises, and from his actions and assertions when confronted by police or the owner *(People v Mitteager,* 44 NY2d 927, 928; *People v Davis,* 41 NY2d 678; *People v Cozzetto,* 142 AD2d 684; *People v Middleton,* 140 AD2d 550, *lv denied* 72 NY2d 959; *People v Bull,* 136 AD2d 929, 930, *lv denied* 71 NY2d 966; *People v Velez,* 136 AD2d 753, *lv denied* 71 NY2d 904). The test is whether, considering the facts proved and the inferences that can reasonably be drawn therefrom, any reasonable trier of fact could have concluded that defendant possessed a criminal intent at the time of his unlawful entry *(People v Barnes, supra,* at 381).

The People's proof was sufficient to permit the inference that defendant entered the club with the intent to commit a crime therein. The fact that he used force in obtaining entry to the bar/restaurant portion of the club, i.e., by smashing the glass in the interior door, amply supports the inference that he had criminal intent. That inference is buttressed by numerous other factors, primarily defendant's unexplained and unauthorized presence on the premises in the middle of the night.

We need not address defendant's remaining contention, since the *Gaines* error *(see, People v Gaines,* 74 NY2d 358) relates to the trial court's alternative finding only and therefore is harmless. (Appeal from Judgment of Genesee County Court, Morton, J.—Burglary, 3rd Degree.) Present—Callahan, J. P., Denman, Balio, Lawton and Davis, JJ.