■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABDULLAH MU-MIN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a conviction, following a bench trial, of criminal mischief in the third degree for intentionally causing damage to property in an isolation cell at the Cattaraugus County Jail. We conclude that the evidence, although circumstantial, was sufficient to establish that defendant intentionally caused the damage (see, People v Dowd, 115 AD2d 557, lv denied 67 NY2d 761). Although defendant testified and denied that he intentionally damaged the cell, this merely raised an issue of credibility which the court, sitting as trier of the facts, could properly resolve in favor of the People. In addition, the testimony of the Supervisor of Buildings and Grounds for Cattaraugus County that the cost of the repairs was $600 was sufficient to establish that the value of the damaged property exceeded $250 (see, People v Woodard, 148 AD2d 997, lv denied 74 NY2d 749). Thus, the evidence was legally sufficient to support defendant's conviction for criminal mischief in the third degree and the verdict is not against the weight of the evidence.

The trial court did not abuse its discretion in denying defendant access to his jail records. Although defendant's confidential disciplinary records might be discoverable upon a proper showing (cf., People v Gissendanner, 48 NY2d 543, 548), defendant failed to make a specific factual showing that such documents contained any information which was relevant and material to his defense. Moreover, defense counsel never requested the court to examine the records in camera to determine whether they contained anything of an exculpatory or evidentiary nature.

The court did not abuse its discretion in imposing a sentence of two to four years, to be served consecutively to any sentence defendant was then serving. (Appeal from Judgment of Cattaraugus County Court, Kelly, J.—Criminal Mischief, 3rd Degree.) Present—Dillon, P. J., Callahan, Denman, Green and Pine, JJ.