■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JEROME DIXON, GARY B. TYLER, and CARLA A. THOMAS, Respondents.—Appeal by the People from an order of the County Court, Dutchess County (Hillery, J.), entered May 10, 1991, which granted that branch of the defendants' respective omnibus motions which were to suppress physical evidence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DIXON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered April 18, 1988, convicting him of criminal mischief in the third degree, attempted grand larceny in the fourth degree, and auto stripping in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his conviction for criminal

mischief in the third degree should be reduced to criminal mischief in the fourth degree because the People failed to prove beyond a reasonable doubt that the damage to the complainant's automobile exceeded $250 (Penal Law § 145.00). We find that since the defendant failed to raise the present claim with the requisite specificity at trial, it is unpreserved for appellate review *(see, People v Bynum,* 70 NY2d 858; *People v McAdoo,* 166 AD2d 674; *People v Davis,* 151 AD2d 596, 597; *People v Torres,* 151 AD2d 524, 525). In any event, the complainant was not simply a lay witness, but was treated as an expert. Therefore his testimony was sufficient to prove that the damage to his automobile exceeded $250 in value *(see, People v Mu-Min,* 172 AD2d 1022; *People v Woodard,* 148 AD2d 997; *cf., People v Jackson,* 168 AD2d 633; *People v Gina,* 137 AD2d 555).

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Mangano, P. J., Sullivan, Balletta and Ritter, JJ., concur.