■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN L. NUHIBIAN, Appellant. [607 NYS2d 994] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant contends that the evidence was insufficient to sustain his conviction of criminal impersonation in the second degree. We agree. Penal Law § 190.25 (1) states that a person is guilty of criminal impersonation in the second degree when he "[i]mpersonates another and does an act in such assumed character with intent to obtain a benefit or to injure or defraud another". The only proof that defendant impersonated "another" was the hearsay testimony of one police officer that another police officer "did a computer check, and he said that there was [sic] individuals of that name". Although defendant had identified himself to the police as James Allen Adkins of Jacksonville, Florida, the People made no effort to prove that the identity assumed by defendant was that of a real person. The People's proof established only that defendant had given a fictitious or assumed name. Such proof, standing alone, is not sufficient to establish criminal impersonation in the second degree (see, People v Jones, 84 Misc 2d 737, mod on other grounds 63 AD2d 637, revd 47 NY2d 409; People v Gaissert, 75 Misc 2d 478). Therefore, defendant's conviction of criminal impersonation in the second degree must be reversed, the sentence imposed thereon vacated, and that count of the indictment dismissed.

We reject defendant's remaining contentions. There is sufficient evidence to sustain the jury's finding that defendant attempted to enter a residence unlawfully with intent to commit larceny therein (see, People v Vivenzio, 103 AD2d 1044). The criminal intent of defendant "can be inferred from

his unexplained, unauthorized presence on the premises, from his actions while on the premises, and from his actions and assertions when confronted by the police or the owner" *(People v Gates,* 170 AD2d 971, 972, *lv denied* 78 NY2d 922; *see also, People v Mitteager,* 44 NY2d 927, 928; *People v Davis,* 41 NY2d 678; *People v Cozzetto,* 142 AD2d 684). The test is whether, considering the facts proved and the inferences that can reasonably be drawn therefrom, any reasonable trier of fact could have concluded that defendant possessed a criminal intent at the time of the attempted unlawful entry *(see, People v Barnes,* 50 NY2d 375, 381; *People v Gates, supra).* That test has been met by the proof herein.

Defendant was not present during that portion of the *Sandoval* hearing wherein the court determined that certain of defendant's prior convictions were inadmissible. His presence would have been superfluous because the ruling was in his favor with respect to those convictions *(see, People v Smith,* 82 NY2d 254). Although defendant was not present at the time of the court's initial ruling with respect to the admissibility of two other burglary convictions, the court heard argument the next day on those convictions. That portion of the hearing was recorded and defendant was present. Defendant's contention regarding the failure of the court to give a voluntariness charge has not been preserved for review *(see,* CPL 470.05 [2]) and we decline to review it in the interest of justice. (Resubmission of Appeal from Judgment of Jefferson County Court, Clary, J.—Attempted Burglary, 2nd Degree.) Present—Denman, P. J., Green, Balio, Fallon and Boehm, JJ.