◼ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v

Robert Owens, Respondent. [613 NYS2d 100] —Order unanimously reversed on the law, motion to reduce charge denied, first count of indictment reinstated and matter remitted to Monroe County Court for further proceedings on the indictment. Memorandum: The court erred in reducing the first count of the indictment, charging defendant with burglary in the second degree (Penal Law § 140.25 [2]), to criminal trespass in the second degree (Penal Law § 140.15). There was competent evidence presented to the Grand Jury that, if accepted as true, would establish every element of burglary in the second degree and defendant's commission of that offense (see, People v Mikuszewski, 73 NY2d 407, 411; People v Jennings, 69 NY2d 103, 115). Defendant's intent to commit a crime within the dwelling may be inferred from the surrounding circumstances (see, People v Mackey, 49 NY2d 274; People v Walker, 175 AD2d 674, lv denied 78 NY2d 1131; People v Murray, 168 AD2d 573), including the forcible entry (see, People v Murray, supra; People v Whitfield, 152 AD2d 998, lv denied 74 NY2d 900; People v Haile, 128 AD2d 891), the property damage discovered inside (see, People v Whitfield, supra; People v Woodard, 148 AD2d 997, lv denied 74 NY2d 749), and the fact that the contents of a nightstand were disturbed (see, People v Ryan, 180 AD2d 769, lv denied 79 NY2d 1054; People v Middleton, 140 AD2d 550, lv denied 72 NY2d 959). Therefore, that part of defendant's motion seeking reduction of the charges in the indictment is denied, and the first count, charging defendant with burglary in the second degree, is reinstated. (Appeal from Order of Monroe County Court, Maloy, J.—Reduce Count of Indictment.) Present— Green, J. P., Balio, Fallon, Callahan and Davis, JJ.