■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROCKY MITCHELL, Respondent. [647 NYS2d 637] —Order unanimously reversed on the law, motion denied, count one of indictment reinstated and matter remitted to Onondaga County

Court for further proceedings on indictment. Memorandum: County Court erred in reducing count one of the indictment charging burglary in the second degree to criminal trespass in the second degree. In granting defendant's motion, the court concluded that, although the evidence before the Grand Jury was legally sufficient to establish that defendant illegally gained entry to complainant's residence by posing as a utility repairman, it was insufficient to establish a contemporaneous intent to commit a crime upon entry. We disagree.

"In order to secure a conviction for burglary, the People need only allege and prove a knowing and unlawful entry coupled with an intent to commit a crime therein. There is no requirement that the People allege or establish what particular crime was intended, or that the intended crime actually be committed" (*People v Mahboubian*, 74 NY2d 174, 193, citing *People v Mackey*, 49 NY2d 274, 278-281). Given that the People need not allege or prove any crime in particular, the Grand Jury is entitled to infer the defendant's intent to commit *some* crime from the circumstances of the entry (*see, People v Mahboubian, supra*, at 193, n 4; *People v Barnes*, 50 NY2d 375, 381).

Viewing the evidence, as we must, in the light most favorable to the People (*see, People v Manini*, 79 NY2d 561, 568-569; *People v Jennings*, 69 NY2d 103, 114; *People v Smith*, 213 AD2d 1073), we conclude that the evidence before the Grand Jury is legally sufficient to support the charge of burglary in the second degree. The evidence established that defendant illegally gained entry to complainant's home by posing as a utility repairman. The Grand Jury could properly infer defendant's intent to commit some crime from the circumstances of the entry. Although the court concluded that other reasonable inferences could be drawn from the evidence, those competing inferences may not be employed in place of those properly drawn by the Grand Jury (*see, People v Ballou*, 121 AD2d 861, 862, *lv denied* 68 NY2d 809). Moreover, those inferences are not permissible on a motion to dismiss the indictment, where the evidence must be viewed in the light most favorable to the People (*see, People v Ballou, supra*, at 862-863). (Appeal from Order of Onondaga County Court, Cunningham, J.—Reduce Count of Indictment.) Present—Lawton, J. P., Fallon, Callahan, Balio and Davis, JJ.