■ The People of the State of New York, Respondent, v Andrew A. Jackson, Appellant. [703 NYS2d 804] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant was convicted following a bench trial of burglary in the second degree (Penal Law § 140.25 [2]) and criminal mischief in the second degree (Penal Law § 145.10) arising from his forced entry into his fiancee's home. We reject defendant's contention that the evidence is legally insufficient to support the conviction of burglary in the second degree (*see, People v Bleakley*, 69 NY2d 490, 495). "There was no evidence that defendant had permission to be in complainant's [house] at the time the crime was committed" (*People v Sanders*, 163 AD2d 852, *lv denied* 76 NY2d 896; *see, People v Collier*, 258 AD2d 891, 892). "Whether defendant was so intoxicated as to be unable to form the requisite intent presented issues of fact and credibility for the [trier of fact] to resolve" (*People v Danaher*, 115 AD2d 905, 906).

We conclude, however, that the conviction of criminal mischief in the second degree is not supported by legally sufficient evidence. The fiancee's "general approximation of the cost of repairing or replacing various property items" is insufficient to establish the amount of damage (*People v Brantley*, 186 AD2d 1036, *lv denied* 81 NY2d 785; *see, People v Jackson*, 168 AD2d 633, 634, *lv denied* 77 NY2d 962). We thus modify the judgment by reducing the conviction of criminal mischief in the second degree to criminal mischief in the fourth degree (Penal Law § 145.00 [1]) and vacating the sentence imposed thereon. "However, the matter need not be remitted for resentencing on that count since the defendant has already served the maximum permissible sentence for that crime" (*People v Jackson, supra*, at 634).

The contentions of defendant with respect to the denial of his CPL 440.10 motion are not properly before us (*see*, CPL 450.15 [1]). We have reviewed the contentions raised by defendant in his *pro se* supplemental brief and conclude that they are without merit. (Appeal from Judgment of Oneida County Court, Donalty, J.—Burglary, 2nd Degree.) Present—Hayes, J. P., Wisner, Pigott, Jr., Scudder and Lawton, JJ.