■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSE L. REYES, Respondent. [713 NYS2d 583] —Order insofar as appealed from unanimously reversed on the law, motion denied, first and second counts of indictment reinstated and matter remitted to Livingston County Court for further proceedings on the indictment. Memorandum: County Court erred in granting in part defendant's motion to dismiss the indictment based on legally insufficient evidence by reducing the first and second counts of the indictment, charging burglary in the second degree and attempted burglary in the second degree, to two counts of criminal trespass in the second degree. The evidence before the Grand Jury, viewed in the light most favorable to the People (*see, People v Manini,* 79 NY2d 561, 568-569), is legally sufficient to support the burglary and attempted burglary charges. That evidence, if accepted as true, establishes that defendant entered an apartment unlawfully and attempted to enter a second apartment unlawfully. The intent of defendant to commit a crime within those dwellings may be inferred from the surrounding circumstances (*see, People v Owens,* 204 AD2d 1055, 1056; *People v Sandore,* 148 AD2d 1000, 1001), including the forcible entry and attempted forcible entry (*see, People v Owens, supra,* at 1056) and his statement that he had a romantic interest in the resident of the second apartment and believed she was there with another man. Although the court concluded that other, innocent inferences could be drawn with respect to defendant's intent, "those competing inferences may not be employed in place of those properly drawn by the Grand Jury" (*People v Mitchell,* 231 AD2d 937, 938; *see, People v Deegan,* 69 NY2d 976, 979). (Appeal from Order of Livingston County Court, Alonzo, J.—Dismiss Count Indictment.) Present—Green, J. P., Hayes, Wisner, Scudder and Lawton, JJ.