■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WILSON, Appellant. [728 NYS2d 174] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered May 5, 1999, convicting him of burglary

in the third degree, criminal mischief in the second degree, and possession of burglars' tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the conviction of criminal mischief in the second degree to criminal mischief in the fourth degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed.

The defendant contends that the evidence at trial was legally insufficient to establish that the damage to the property exceeded $1,500 (*see,* Penal Law § 145.10). We agree. No expert testified as to value of the damaged property and no documentary proof as to the cost of repair or replacement was introduced. The complainant's testimony that the repair and the replacement of the damaged property cost over $1,500 was insufficient, since that testimony was unsupported by documentation or other evidence of the reasonable cost of repair and replacement (*see, People v Hoppe,* 184 AD2d 582; *People v Jackson,* 168 AD2d 633; *People v Gina,* 137 AD2d 555; *People v Gaines,* 136 AD2d 731).

Accordingly, the defendant's conviction of criminal mischief in the second degree is reduced to criminal mischief in the fourth degree (*see,* Penal Law § 145.00). However, the matter need not be remitted for resentencing on that count since the defendant has already served the maximum permissible sentence for that crime. Bracken, P. J., O'Brien, Smith and Cozier, JJ., concur.