■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY ANTONELLI, Respondent. [750 NYS2d 873] —Appeal by the People, as limited by their brief, from so much of an order of the County Court, Orange County (DeRosa, J.), dated March 13, 2001, as granted the defendant's oral application to dismiss the indictment to the extent of reducing the charge of burglary in the second degree, contained in count one of the indictment, to a charge of criminal trespass in the second degree.

Ordered that the order is reversed insofar as appealed from, on the law, the charge of burglary in the second degree contained in count one of the indictment is reinstated, and the matter is remitted to the County Court, Orange County, for further proceedings.

The County Court erred in reducing count one of the indictment charging burglary in the second degree to criminal trespass in the second degree. Viewing the evidence before the grand jury in the light most favorable to the prosecution (*see People v Manini,* 79 NY2d 561), we find that it was legally sufficient to support the charge of burglary in the second degree. The grand jury could properly infer the defendant's intent to commit some crime from the surrounding circumstances (*see People v Mahboubian,* 74 NY2d 174; *People v Mitchell,* 231 AD2d 937; *People v Mazer,* 208 AD2d 956; *People v Owens,* 204 AD2d 1055; *People v Gates,* 170 AD2d 971; *People v Daye,* 150 AD2d 481).

We do not consider the defendant's alternative argument for affirmance of the order appealed from (*see People v Karp,* 76 NY2d 1006; *People v Goodfriend,* 64 NY2d 695). Further, we note that the defendant was not entitled to a copy of the grand jury minutes on this appeal (*see Matter of Brown v LaTorella,* 229 AD2d 391). Feuerstein, J.P., Smith, O'Brien and Adams, JJ., concur.