■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHURAMAN DEOLALL, Appellant. [777 NYS2d 173]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Erlbaum, J.), rendered October 10, 2001, convicting him of arson in the third degree and criminal mischief in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the conviction of criminal mischief in the second degree to criminal mischief in the fourth degree and vacating the sentence imposed thereon; as so modified, the judgment is affirmed.

The defendant correctly contends that the People failed to prove his guilt of criminal mischief in the second degree beyond a reasonable doubt. The evidence adduced at trial was legally insufficient to establish that the damage to the property exceeded the sum of $1,500 (*see* Penal Law § 145.10). No expert testified as to value of the damaged property and no documentary proof as to the cost of repair or replacement was introduced. The complainant's testimony alone that the repair and the replacement of the damaged property cost more than $1,500

was insufficient (*see People v Wilson,* 284 AD2d 420 [2001]; *People v Jackson,* 168 AD2d 633 [1990]; *People v Gina,* 137 AD2d 555 [1988]).

Accordingly, we reduce the defendant's conviction of criminal mischief in the second degree to criminal mischief in the fourth degree (*see* Penal Law § 145.00). However, the matter need not be remitted for resentencing on that count since the defendant has already served the maximum permissible sentence for that crime (*see* Penal Law § 70.15 [1]; *People v Wilson, supra; People v Jackson, supra*).

The sentence imposed for the defendant's conviction of arson in the third degree was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions either are academic in light of our determination, unpreserved for appellate review, or without merit. Santucci, J.P., Altman, S. Miller and Goldstein, JJ., concur.