■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LARRY HOLMES, Respondent. (Appeal No. 1.) [852 NYS2d 924]—

Present—Martoche, J.P., Smith, Peradotto, Pine and Gorski, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LARRY HOLMES, Respondent. (Appeal No. 2.) [853 NYS2d 818]—

Memorandum: The People appeal from an amended order granting that part of the omnibus motion of defendant seeking

to reduce the first count of the indictment against him, charging burglary in the third degree (Penal Law § 140.20). Contrary to the People's contention, County Court properly reduced the first count of the indictment, although we note that, as the People candidly concede in the alternative, the court should have reduced that count to criminal trespass in the third degree (§ 140.10 [a]) rather than criminal trespass in the second degree (§ 140.15). The latter offense requires that the defendant illegally enter or remain in a dwelling, and a dwelling was not involved herein. The evidence before the grand jury, viewed in the light most favorable to the prosecution (*see People v Antonelli*, 300 AD2d 312, 313 [2002], *lv denied* 99 NY2d 612 [2003], citing *People v Manini*, 79 NY2d 561 [1992]), is legally insufficient to support the burglary charge because the indictment expressly set forth that defendant intended to commit a larceny, and the People failed to present evidence from which the grand jury could infer that he had that intent (*see generally People v Barnes*, 50 NY2d 375, 379 [1980]). Although "it is not necessary for the People in a burglary prosecution to demonstrate the exact crime which defendant intended to commit while unlawfully in the building . . . , the prosecution in this case expressly limited its theory to one of larceny, and, having done so, . . . the prosecution [is held] to this narrower theory alone" (*id.*). We therefore modify the amended order accordingly. Present—Martoche, J.P., Smith, Peradotto, Pine and Gorski, JJ.