■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE R. STEWART, Appellant. [894 NYS2d 286]—

Appeal from a judgment of the Herkimer County Court (Patrick L. Kirk, J.), rendered August 30, 2007. The judgment convicted defendant, upon a jury verdict, of assault in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of assault in the first degree (Penal Law § 120.10 [1]), defendant contends that the conviction is not supported by legally sufficient evidence because the People failed to establish that the victim sustained a serious physical injury within the meaning of Penal Law § 10.00 (10). Defendant did not move for a trial order of dismissal on that ground and thus failed to preserve his contention for our review (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, we conclude that his contention lacks merit (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The People presented evidence establishing that the victim sustained four stab wounds, which resulted in permanent scars. In addition, the victim testified that he feels pain "[e]very day" as a result of his injuries. We thus conclude that the evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), is legally sufficient to establish that the victim sustained a serious physical injury (*see People v Alston*, 45 AD3d 398, 399 [2007], *lv denied* 10 NY3d 807 [2008]; *People v McDuffie*, 293 AD2d 287 [2002], *lv denied* 98 NY2d 699 [2002]; *People v Gagliardo*, 283 AD2d 964 [2001], *lv denied* 96 NY2d 901 [2001]).

Defendant's challenge to the jury panel was not in writing and thus is not preserved for our review (*see* CPL 270.10 [2]; *People v Prim*, 40 NY2d 946, 947 [1976]; *People v Whitfield*, 152 AD2d 998, 999 [1989], *lv denied* 74 NY2d 900 [1989]). In any event, the contention of defendant that he was denied the right to be tried by a jury of his peers is without merit, inasmuch as he failed to meet his initial burden of establishing "a prima facie case of the systematic exclusion of blacks from the jury panel" (*Whitfield*, 152 AD2d at 999; *see People v Guzman*, 60 NY2d 403, 409 [1983], *cert denied* 466 US 951 [1984]; *People v Jordan*, 261 AD2d 947 [1999], *lv denied* 93 NY2d 1003 [1999]). Present—Scudder, P.J., Smith, Fahey and Lindley, JJ.