# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

51

KA 08-00176

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND GORSKI, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

VANESSA MCKINNEY, DEFENDANT-APPELLANT.

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, COVINGTON & BURLING LLP, NEW YORK CITY (BRIAN D. GINSBERG OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered November 26, 2007. The judgment convicted defendant, upon a jury verdict, of leaving the scene of a personal injury incident and failure to obey a traffic control device.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reducing the conviction of leaving the scene of a personal injury incident without reporting as a class D felony under Vehicle and Traffic Law § 600 (2) to leaving the scene of a personal injury incident without reporting as a class E felony and by vacating the sentence imposed on count one of the indictment and imposing a sentence of 1a to 4 years on that count and as modified the judgment is affirmed in accordance with the following Memorandum: Defendant appeals from a judgment convicting her following a jury trial of, inter alia, leaving the scene of a personal injury incident as a class D felony (Vehicle and Traffic Law § 600 [2] [a]). As defendant contends, and the People correctly conceded at oral argument of this appeal, the indictment as filed charged defendant with only a class E felony under section 600 (2) (a), for having caused "serious physical injury" to the victim, and thus Supreme Court erred in granting the People's oral motion at trial to amend the indictment to allege that the victim died, thereby raising the offense to a class D felony (*see* § 600 [2] [c]). Because the People proved at trial beyond a reasonable doubt that defendant left the scene of a personal injury incident that resulted in serious physical injury to another person, we modify the judgment by reducing the conviction from a class D felony to a class E felony. Inasmuch as defendant has already served the maximum term of imprisonment permitted for the class E felony, there is no need to remit the matter to Supreme Court for resentencing on count one (*see People v Jackson*, 269 AD2d 867, *lv denied* 95 NY2d 798). Rather, in the interest of judicial economy, we instead further

modify the judgment by vacating the sentence imposed on count one and by imposing the maximum allowed for a class E felony, i.e., an indeterminate term of imprisonment of 1a to 4 years.