People v Gipson (2024 NY Slip Op 00546)

People v Gipson

2024 NY Slip Op 00546

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, OGDEN, AND DELCONTE, JJ.

954 KA 19-02223

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
FREDERICK GIPSON, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BHAGYASHREE GUPTE OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered October 9, 2019. The judgment convicted defendant, upon a nonjury verdict, of burglary in the second degree and petit larceny. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a bench trial, of burglary in the second degree (Penal Law
§ 140.25 [2]) and petit larceny (§ 155.25). The conviction arises from an incident in which defendant broke into his cousin's home and stole a necklace, purse and video game system. Although no one was home at the time and there were no witnesses to the break-in, video footage of defendant entering the home was captured on the victim's home surveillance system, and defendant subsequently admitted to a police detective that he entered the victim's home and removed certain items.
Defendant contends that Supreme Court erred in admitting the surveillance video footage in evidence at trial inasmuch as the victim's testimony was insufficient to authenticate the footage because she did not witness the events recorded. We reject that contention. "The decision to admit or exclude video[ footage] evidence generally rests . . . within a trial court's founded discretion" (People v Patterson, 93 NY2d 80, 84 [1999]; see People v Cardoza, 218 AD3d 1291, 1292-1293 [4th Dept 2023], lv denied 40 NY3d 996 [2023]). A proper foundation authenticating surveillance video footage may be laid by, inter alia, eliciting "the testimony of a witness to the recorded events or of an operator or installer or maintainer of the equipment that the video[ footage] accurately represents the subject matter depicted" (Patterson, 93 NY2d at 84). Operators and maintainers of a surveillance video system include residents of a dwelling who are familiar with the system installed in their place of residence (see People v Little, 139 AD3d 1356, 1357 [4th Dept 2016], lv denied 28 NY3d 933 [2016]; see also People v Jones, 208 AD3d 1632, 1632 [4th Dept 2022], lv denied 39 NY3d 986 [2022]; People v Oquendo, 152 AD3d 1220, 1221 [4th Dept 2017], lv denied 30 NY3d 982 [2017]). Here, the court did not abuse its discretion in admitting the home surveillance video footage based on testimony from the victim that she was familiar with the surveillance system and that the video footage was not altered and fairly and accurately depicted the events that were recorded.
Defendant also contends, with respect to his burglary conviction, that the evidence is legally insufficient to establish that he entered the victim's dwelling with an intent to commit a crime within the premises. We reject that contention. In burglary cases, the defendant's intent to commit a crime within the premises may be inferred beyond a reasonable doubt from the defendant's conduct and the surrounding circumstances, including the defendant's "unexplained presence on the premises" (People v James, 114 AD3d 1202, 1205 [4th Dept 2014], lv denied 22 NY3d 1199 [2014] [internal quotation marks omitted]), "[t]he fact that [the] defendant used force [*2]in obtaining entry" (People v Bergman, 70 AD3d 1494, 1494 [4th Dept 2010], lv denied 14 NY3d 885 [2010]), and the fact that the defendant damaged or disturbed the victim's belongings while inside the dwelling (see People v Owens, 204 AD2d 1055, 1056 [4th Dept 1994]). Here, the People submitted evidence establishing that defendant did not have permission to be in the victim's dwelling, that he obtained entry by breaking a door, and that, once inside, he took several items belonging to the victim and her children and left with those items (see Little, 139 AD3d at 1356; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Additionally, viewing the evidence in light of the elements of burglary in the second degree in this nonjury trial and deferring to the court's determinations on credibility (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict with respect to burglary in the second degree is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495; People v Sabines, 121 AD3d 1409, 1410-1411 [3d Dept 2014], lv denied 25 NY3d 1171 [2015]).
Finally, we reject defendant's contention that the period of postrelease supervision imposed is unduly harsh and severe.
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court