■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN BROZOWSKI, Appellant.—Appeal from a judgment of the County Court of Rensselaer County, rendered July 9, 1975, upon a verdict convicting defendant of the crimes of burglary in the second degree and assault in the third degree. The incident which gave rise to the charges herein occurred at Ring Street in Rensselaer, New York, during the early morning hours of February 21, 1975. After a brief stay at the Fort Crailo Inn in Rensselaer early in the evening, defendant Brozowski and Robert Zinzow left behind their companions Gary Zinzow and John Gallagher and went to visit a relative of the defendant Brozowski at an apartment project on Aiken Avenue. As they left the project after the visit, defendant Brozowski and Robert Zinzow exchanged harsh words and threats with James Van Vorst, Jr., and Ernest Voss over noise allegedly made by the defendant Brozowski and Zinzow. The latter two individuals claimed that as they were leaving the scene an object or objects were thrown breaking the windshield of the vehicle. Subsequently the defendant Brozowski and the other three persons in whose company he had been earlier in the evening, the defendants in the trial of this action, returned to the scene of the earlier confrontation. They arrived in the same car and, as on the prior occasion, defendant Brozowski was the driver. After Mr. Van Vorst and Mr. Voss were spotted outside the former's Ring Street residence, the four defendants got out of the car and approached the outside door of the dwelling. According to the People's witnesses, the outside door was opened and Robert Zinzow proceeded through an entranceway to an inside door. The knob to the inside door was turned at approximately the same time, from the outside by Robert Zinzow and from the inside by Christine Van Vorst, the wife of James Van Vorst, Jr., and was opened slightly. While Mrs. Van Vorst leaned against the door, words were exchanged concerning the whereabouts of Mr. Van Vorst and the breaking of the windshield. During this time, according to Mr. Van Vorst, defendant Brozowski was holding open the outside door. When Mr. Van Vorst, who initially had been standing behind his wife in the hallway, entered the conversation, Robert Zinzow, according to the Van Vorsts, pushed the door open and entered the inner hallway. Defendants disputed the testimony as to the use of force to pass through the inner door. The People's witnesses testified that Robert Zinzow attacked Mr. Van Vorst immediately upon passing through the second door, by grabbing his hair and punching him in the eye. During the ensuing melee Mr. Van Vorst was dragged through the hallway, onto the stoop and, finally, onto the lawn. There was considerable testimony that all four of the defendants, including the defendant Brozowski, participated in punching and kicking Mr. Van Vorst. Mrs. Van Vorst testified that when she at one point during the fracas grabbed the defendant Brozowski and begged him not to kill her husband, he responded "sorry lady, we are going to kill him". Defendant Brozowski claims that this record does not support his conviction for burglary in the second degree. We disagree. Defendant Brozowski argues that he was improperly found guilty of burglary in the second degree because the People failed to establish that

he actually entered the Van Vorst dwelling and because the record is insufficient to prove liability for accessorial conduct under article 20 of the Penal Law. This contention is without merit. The People's witnesses testified that the defendant Brozowski, after an earlier altercation involving Mr. Van Vorst, drove a car to the scene, held the outside door while another individual forced his way into the Van Vorst residence, participated in a severe beating of Mr. Van Vorst and threatened to kill him. Although there was testimony by defendants that they returned to the scene merely to secure payment for the damage to the vehicle, and even assuming defendant Brozowski did not actually enter the building, the jury could properly conclude on this record that defendant Brozowski was an accomplice as defined by section 20.00 of the Penal Law (see *People v Croley,* 42 AD2d 633). Defendant further claims that there is no evidence of a "breaking" and that the record was insufficient to prove that he "intended to commit a crime". Even if we were to assume, however, that the entry was not forcible, the statute merely requires that a defendant "knowingly enters or remains unlawfully in a building" (Penal Law, § 140.25). The People have to demonstrate that the entry or remaining was "not licensed or privileged" (Penal Law, § 140.00, subd 5). The proof in this respect was entirely satisfactory. Although there was no direct proof of the defendant Brozowski's intent to commit a crime, the evidence of his conduct at the times in question was more than sufficient to give the jury a basis for inferring the requisite intent *(People v Rumaner,* 45 AD2d 290). Judgment affirmed. Koreman, P. J., Greenblott, Kane, Larkin and Reynolds, JJ., concur.