■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HARRY LETKO, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH T. MACEROLA, JR., Appellant.—Appeals from a judgment of

the Albany County Court, rendered October 28, 1976, upon a verdict convicting defendants of the crimes of burglary in the second degree and two counts of assault in the third degree. The convictions of each of the defendants of the crime of assault in the third degree and the conviction of defendant Macerola of the crime of burglary in the second degree should be affirmed. We find no merit in the errors alleged on appeal requiring a reversal of these convictions. The conviction of the defendant Letko of the crime of burglary in the second degree must, however, be reversed. The indictment alleges that the defendants on or about March 31, 1976, at 7:45 P.M. knowingly and unlawfully entered the Governor's Motor Inn, in the Town of Guilderland, County of Albany, with intent to commit the crime of assault and that the defendants did assault and cause physical injury in this place to Donald and June Hauffe. The crime of burglary in the second degree is defined in section 140.25 (subd 1, par [b]) of the Penal Law as follows: "A person is guilty of burglary in the second degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein, and when: 1. In effecting entry or while in the building or in immediate flight therefrom, he or another participant in the crime: * * * [b] Causes physical injury to any person who is not a participant in the crime". The term "enter or remain unlawfully" is defined in subdivision 5 of section 140.00 of the Penal Law as follows: "A person 'enters or remains unlawfully' in or upon premises when he is not licensed or privileged to do so. A person who, regardless of his intent, enters or remains in or upon premises which are at the time open to the public does so with license and privilege unless he defies a lawful order not to enter or remain, personally communicated to him by the owner of such premises or other authorized person. A license or privilege to enter or remain in a building which is only partly open to the public is not a license or privilege to enter or remain in that part of the building which is not open to the public." The record discloses that the events underlying the indictment against defendant Letko took place at the Governor's Motor Inn, a place open to the public. There was no testimony at the trial that the defendant Letko ever entered premises not open to the public; nor was there any testimony indicating that the owner or an authorized person had ordered him to leave the premises. He, therefore, could not be found guilty of burglary in the second degree as a principal because the necessary elements of the crime had not been proven beyond a reasonable doubt, namely, absence of license or privilege to remain on the premises. The defendant could also not be found guilty of burglary in the second degree under a theory of accessorial conduct pursuant to section 20.00 of the Penal Law because the record fails to disclose that he was aware of any order to leave the premises conveyed by the owner to his codefendant Macerola and fails otherwise to disclose that he knew that Macerola was remaining unlawfully on the premises. To be held responsible for burglary in the second degree he would have had to share the same specific intent or mental culpability as the defendant Macerola who failed to leave the public premises after having been ordered to do so. There is no showing of such intent in the record. Judgment modified, on the law and the facts, by reversing so much thereof as convicts the defendant Letko of the crime of burglary in the second degree and sentence imposed thereon vacated, and, as so modified, affirmed. Sweeney, J. P., Mahoney and Mikoll, JJ., concur; Larkin and Herlihy, JJ., concur in part and dissent in part in the following memorandum by Larkin, J. Larkin, J. (concurring in part and dissenting in part). Each defendant claims, and the majority agrees in the case of defendant Letko, that there was insuffi-

cient evidence to support their respective convictions of burglary in the second degree. We disagree. A conviction on this charge, in the instant case, was dependent upon proof beyond a reasonable doubt as to each defendant that he "knowingly entere[d] or remaine[d] unlawfully" in the Governor's Motor Inn "with intent to commit a crime therein" and while there, he or another participant "Cause[d] physical injury" to a person not a participant in the crime (Penal Law, § 140.25). The claims of defendant Letko on the burglary second degree charge, based upon the alleged lack of a showing of the requisite intent, should fail. This intent can be inferred by the defendant's conduct and the surrounding circumstances *(People v Niepoth,* 55 AD2d 970; *People v Brozowski,* 53 AD2d 706). Although Letko was not directly involved in the altercation between Macerola and Hauffe at the door to the living quarters, there is sufficient evidence in the record from which the jury could have concluded that he heard the request that Macerola leave. Accordingly, the jury could have, under section 20.00 of the Penal Law, found that Letko had the requisite intent to remain unlawfully in the premises.