■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL INSOGNA, Appellant. — Judgment unanimously modified, on the law and facts, and, as modified, affirmed, in accordance with the following memorandum: Defendant's conviction of burglary in the second degree (Penal Law, § 140.25) must be reversed for failure of proof of a necessary element of the crime. In order to sustain a conviction of burglary, the People must prove that a defendant knowingly entered or remained unlawfully in or upon premises, i.e., that he was not licensed or privileged to be there (Penal Law, § 140.00, subd 5; *People v Letko,* 60 AD2d 661, revd on other grounds 47 NY2d 257). The evidence was uncontroverted that the premises here belonged to defendant's former wife from whom he was separated; that he had resided there with her during the course of their marriage; that since their separation he had been a frequent visitor by invitation; in fact, that he had stayed overnight on the night prior to the incident herein. Indeed, the testimony established that he had been invited to the premises on the night of the crime. Although defendant's wife was not there to admit him when he arrived, it is clear that he proceeded no further than the enclosed porch area which was unlocked. Under the circumstances thus established, it was reasonable for defendant to conclude that he had a license or privilege to be on the premises. Such belief, even if mistaken, negates the element of "knowing unlawful entry" necessary for a conviction of burglary (see *People v Basch,* 36 NY2d 154, 159; *People v Barton,* 18 AD2d 612; Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, §§ 140.20, 140.25). We have reviewed the other points raised by defendant and find them lacking in merit. (Appeal from judgment of Oneida County Court, Buckley, J. — burglary, second degree, and arson, third degree.) Present — Simons, J. P., Doerr, Denman, Boomer and Schnepp, JJ.