■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP A. BULL, SR., Appellant.—Judgment unanimously affirmed. Memorandum: We find the evidence legally sufficient to sustain defendant's conviction for burglary in the second degree. Although defendant and the occupant of the burglarized cottage were friends and he had stayed at the cottage overnight on two occasions, this relationship is of no moment under the facts of this case. Defendant had not seen the occupant for some two weeks prior to the breakin, and their relationship did not provide a reasonable basis for any belief that he was licensed or privileged to enter when the occupant was not there (cf., People v Insogna, 86 AD2d 979). Evidence

that entry was forced and that a jewelry box was broken during the entry is sufficient proof that defendant intended to commit a crime in the building *(People v Gilligan,* 42 NY2d 969; *People v Anderson,* 103 AD2d 1011). Reviewing the facts, we find that the verdict was not contrary to the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495).

The trial court did not abuse it discretion by denying defendant's severance motion made during the trial. The motion was untimely (CPL 200.40 [1]; 255.20; *People v Bornholdt,* 33 NY2d 75, 87-88, *cert denied sub nom. Victory v New York,* 416 US 905), and the defendant failed to demonstrate that he would be unduly prejudiced by a joint trial *(see,* CPL 200.40 [1]; *People v Grant,* 96 AD2d 867).

Defendant's claim that his sentence was unduly harsh and excessive lacks merit. He was sentenced as a second felony offender to the minimum term of imprisonment mandated by statute *(see,* Penal Law §§ 70.06, 140.25). (Appeal from judgment of Erie County Court, La Mendola, J.—burglary, second degree.) Present—Doerr, J. P., Green, Pine, Balio and Davis, JJ.