◼ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MARK SANDORE, Respondent.—Order unanimously reversed on the law, counts 3, 4 and 5 of the indictment reinstated and matter remitted to Onondaga County Court for further proceedings on the indictment. Memorandum: At 11:30 P.M. on April 21, 1988, defendant entered the home of his wife, from whom he was separated pursuant to a separation agreement, and shot and killed David Brooks. Defendant was subsequently indicted in a nine-count indictment in connection with the incident. Defendant moved to dismiss counts 3, 4 and 5 of the indictment, which charged defendant with first and second degree burglary and felony murder, with burglary as the predicate crime. The court granted the motion on the ground

of insufficiency of the Grand Jury evidence (see, CPL 210.20 [1] [b]; 210.30). The court concluded that it was "clear" that "defendant was not aware that he had no right to enter the house". In our view, that was error. There was competent evidence which, if accepted as true, would establish every element of the offenses charged and defendant's commission thereof (see, CPL 70.10 [1]; 210.20 [1] [b]; 210.30; People v Pelchat, 62 NY2d 97, 105; People v Adorno, 112 AD2d 308, 309; People v Deitsch, 97 AD2d 327, 328). The testimony of Deborah Sandore, if accepted as true, established the elements of a "knowing unlawful entry" and "intent to commit a crime". She did not give defendant permission to enter her house and the facts and circumstances did not provide defendant with a reasonable basis to believe that he had a license or privilege to enter (see, People v Bull, 136 AD2d 929; People v Bell, 131 AD2d 859, 861; cf., People v Insogna, 86 AD2d 979). Further, because intent is subjective, it may be inferred from defendant's conduct and other surrounding facts and circumstances (see, People v Privott, 133 AD2d 528, 529). Here, the uncontradicted testimony before the Grand Jury demonstrated that defendant, armed with a loaded gun, entered the home late in the evening in an agitated state and threatened to kill his wife. Accordingly, the order must be reversed and counts 3, 4 and 5 of the indictment reinstated. (Appeal from order of Onondaga County Court, Cunningham, J.—dismiss indictment.) Present—Denman, J. P., Green, Pine, Balio and Davis, JJ.