■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN DELA CRUZ, Appellant.—Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered February 26, 1988, convicting defendant, after a jury trial, of burglary in the second degree (Penal Law § 140.25 [2]) and two counts of assault in the third degree (Penal Law § 120.00) and sentencing him to indeterminate terms of imprisonment of 3 to 9 years for the burglary and one year for each assault charge, all terms to run concurrently, unanimously affirmed.

Defendant and complainant began a relationship in December 1985. Defendant would sleep over at complainant's apartment on a regular basis, where she lived with her son and daughter. After a few months, defendant became physically abusive. On March 4, 1987, when there was no response to defendant's knock on complainant's door, he knocked the door down, entered the apartment and began hitting complainant. Defendant was arrested shortly thereafter when the police

arrived. Defendant was charged with sexual abuse, burglary and four assaults committed over a one-year period.

At trial sufficient proof was elicited to sustain defendant's conviction for burglary in the second degree. Defendant paid no rent, his name was not on the lease and he did not have a key. Defendant's act of knocking down the door to gain entrance to the apartment is in itself inconsistent with any theory that he had a license to enter, and his acts of violence towards complainant render the question of intent to commit a crime on the premises beyond dispute. (Penal Law §§ 140.25, 15.05 [1].)

Nor do we find that defendant was prejudiced by the testimony given by complainant's children concerning defendant's assaultive behavior. This testimony could either have been considered as evidence of uncharged assaults or merely a more general statement regarding the assaults charged. In any event, even if the testimony of complainant's children constituted evidence of uncharged crimes, defendant was not prejudiced by such testimony. The record makes clear that the jury was able to discriminate between the assaults charged, as they acquitted defendant of sexual abuse as well as two counts of assault. Concur—Kupferman, J. P., Carro, Asch, Smith and Rubin, JJ.