■ RITZ ENTERTAINMENT ORGANIZATION, INC. and B&W INVESTORS, INC., a Joint Venture, Appellant-Respondent, v UNITY GALLEGA OF THE UNITED STATES, INC., Respondent-Appellant.—Order and judgment (one paper), Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered on March 21, 1990, which, *inter alia,* denied plaintiff's motion for an order enjoining the defendant from terminating plaintiff's leasehold, and granted the defendant's cross motion for partial summary judgment as to the fourth cause of action, unanimously modified, upon the law, defendant's motion for summary judgment granted as to the first, second and third causes of action, and as modified, affirmed, without costs and without disbursements.

Plaintiff, commercial tenants operating a cabaret known as "the Ritz" at 119-125 East 11th Street in Manhattan, commenced the underlying action seeking monetary damages and *Yellowstone* injunctive relief based upon the defendant owner and landlord's alleged breach of the lease arising from the construction of an interior wall, which prevented the plaintiff from obtaining the permits and licenses required to operate a cabaret on the premises. This interior wall was erected by plaintiff in accordance with the specific terms of the lease, but subsequently removed by it, which led defendant to serve a

notice to cure, and ultimately, a notice terminating plaintiff's leasehold.

Upon review of the record, we find that the IAS court did not abuse its discretion in denying the plaintiff's untimely motion for a *Yellowstone* injunction, since the undisputed facts reveal that the plaintiff did not move for injunctive relief until five months after the lease expired pursuant to the notice of termination and four days after the parties' lease expired on its own terms on December 31, 1989. *(S. E. Nichols, Inc. v American Shopping Centers,* 115 AD2d 856, 857.) Moreover, plaintiff's tactical decision not to exercise its renewal option on or before June 30, 1989, as required by the parties' lease, did not result from " 'an honest mistake, or similar excusable fault' ", and, accordingly, did not entitle the plaintiff to exercise its renewal option nunc pro tunc. *(J.N.A. Realty Corp. v Cross Bay Chelsea,* 42 NY2d 392, 398.)

Similarly, we find that the record supports the IAS court's finding that the plaintiff had abandoned the subject premises in March of 1989 when the plaintiff ceased paying rent, stopped paying electricity bills, relocated its cabaret to the West 54th Street location formerly occupied by "Studio 54", leaving the premises in an untenantable and demolished condition. Equally devoid of merit is plaintiff's contention that it should be excused from failing to timely move for injunctive relief based upon settlement negotiations being conducted by the parties, since the discussions in question did not contemplate that plaintiff would cure the defaults, but rather were premised upon plaintiff assigning its lease to a third party.

We find, however, that contrary to the IAS court's determination, the defendant's cross motion for summary judgment as to the first, second and third causes of action of the complaint should have been granted. No triable issues of fact were raised by the plaintiff's first and second causes of action, seeking monetary damages and lost profits premised solely upon "defendant's unlawful subdivision of the building" by allegedly erecting an interior wall, since by the specific provisions of the lease plaintiff had agreed to construct the interior wall at its own expense, which was concededly done.

As to plaintiff's third cause of action, it fails to set forth with particularity a claim for fraud. (CPLR 3016 [b]; *Boylan v Morrow Co.,* 63 NY2d 616.) Concur—Murphy, P. J., Carro, Ellerin, Wallach and Smith, JJ.