■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFREDO DIAZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered March 29, 1988 convicting him of burglary in the second degree and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that because the jury acquitted him of robbery in the first degree, they necessarily concluded that the People failed to prove beyond a reasonable doubt that he threatened his aunt with a knife in order to gain entrance to her apartment. However, even if we were to adopt this line of reasoning, under no reasonable interpretation of the record could the defendant be considered to have entered the apartment lawfully as a licensee, as he contends. Under the facts and circumstances of this case, the defendant's relationship with the complainant did not provide a reasonable basis for such a belief on his part, and, moreover, the complainant testified that she did not give the defendant permission to enter after she answered his knock at the apartment door *(see, People v Sandore,* 148 AD2d 1000; *People v Bull,* 136 AD2d 929; *cf., People v Borazzo,* 137 AD2d 96; *People v Insogna,* 86 AD2d 979)*. On this record the jury reasonably could have concluded that the defendant forcibly gained access to the apartment even if they found that he did not use a knife in doing so. Upon the exercise of our factual review power, we are satisfied that the verdict of guilty of burglary in the second degree was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We also reject the defendant's contention that the trial court improperly precluded his cross-examination of the complaining witness about a prior false accusation of rape allegedly made 10 years earlier against his brother. "It is well established that the trial courts have broad discretion to keep the proceedings within manageable limits and to curtail exploration of collateral matters [on cross-examination] *(see, e.g., People v Sorge,* 301 NY 198)" *(People v Hudy,* 73 NY2d 40, 56). It cannot be said that the trial court improvidently exercised that discretion in the present case.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Bracken, Lawrence and Eiber, JJ., concur.