■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN MENSAH, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SYLVESTER FREDUAMENSAH, Appellant. [604 NYS2d 49] —Judgments, Supreme Court, New York County (John Bradley, J.), rendered May 21, 1990, convicting defendants, after a jury trial, of three counts of burglary in the first degree, three counts of robbery in the first degree, robbery in the second degree, and two counts of assault in the first degree, and sentencing them to concurrent terms of 2 to 6 years on the burglary and first degree robbery counts and 1½ to 4½ years on the second degree robbery and assault counts, unanimously affirmed. The matter is remanded to the trial court for further proceedings pursuant to CPL 460.50 (5).

There is no merit to defendants' claim that the burglary counts should have been dismissed on the ground that because defendant Freduamensah owned the subject building, neither he nor his agents could enter it or remain there "unlawfully". Whether the relationship between defendant Freduamensah and the victim was landlord and tenant, or, as defendants would have it, guest and rooming house, makes no difference with respect to any claimed license or privilege to enter a specific apartment *(see, People v Woodson, 176 AD2d 186, lv denied 79 NY2d 834)*. It was up to the jury to determine, under instructions to which no objection was made, whether defendants had entered the victim's dwelling unlawfully without license or privilege to do so (Penal Law § 140.00 [5]; *see generally, People v Graves, 76 NY2d 16, 20)*.

Defendants' claim that the trial court erred in charging the jury, on its own initiative, that defendant Freduamensah's second son was a missing witness, is not preserved as a matter of law *(see, People v George, 67 NY2d 817, 819)*, and we decline to review it in the interest of justice. If we were to review, we would find that when a missing witness charge is clearly appropriate, such that it cannot possibly take the defendant

by surprise, it is not error for the court to give it on its own initiative.

Defendants' claim that they were prejudiced by the court's "claim of right" charge is also not preserved as a matter of law. When the prosecutor asked for the charge, Freduamensah's attorney responded with an unrelated request to charge, and although defendant Mensah's attorney initially objected, he then said that his objection would depend upon the exact wording of the charge and raised no objection after the charge was given. In any event, while we agree with defendant that *People v Reid* (69 NY2d 469, 475-476) left open the question whether an individual who uses force to recover a specific chattel which he owns may be convicted of robbery, here, as defendant Freduamensah's own testimony shows, defendants were not seeking to recover property but to collect a debt by forcibly taking property that the victim possessed. This kind of self-help is not protected against criminal prosecution *(supra)*. Concur—Murphy, P. J., Wallach, Kupferman and Asch, JJ.