■ CARLO RAPPA et al., Appellants, v NICOLA PALMIERI et al., Respondents. [610 NYS2d 286] —In an action for rescission of a commercial lease, an option agreement, and a mortgage on the ground of mutual mistake, and to recover damages, the plaintiffs appeal from an order of the Supreme Court, Queens County (LeVine, J.), dated May 26, 1992, which denied their motion for a preliminary injunction enjoining the defendants from commencing or prosecuting any action to remove the plaintiffs from the subject premises or to enforce the lease and other agreements between the parties.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiffs' contention, the court did not mischaracterize the relief requested. A *Yellowstone* injunction *(see, First Natl. Stores v Yellowstone Shopping Ctr.,* 21 NY2d 630) was specifically requested in their reply. Moreover, the court did not improvidently exercise its discretion in denying the motion. The motion was untimely, since the plaintiffs did not move for injunctive relief until after the expiration of the cure period specified in the defendants' notice to cure, and after the termination notice had been served *(see, Ritz Entertainment Org. v Unity Gallega,* 166 AD2d 186). Additionally, the plaintiffs failed to demonstrate their willingness to cure their default short of vacating the premises *(see, Linmont Realty v Vitocarl, Inc.,* 147 AD2d 618, 620). There is no indication that the plaintiffs were willing to seek a use variance. Nor did they attempt to compel the defendants to do so. Instead, the plaintiffs commenced the present action to, *inter*

*alia,* rescind the commercial lease. Therefore, the record establishes that the plaintiffs seek to discharge their default by rescinding the lease and not to reform the lease or cure the default and occupy the leased premises.

The plaintiffs' remaining contentions are unpreserved for appellate review. Rosenblatt, J. P., Lawrence, Altman and Goldstein, JJ., concur.