■ R.P.S.P. Pasta Corporation, Doing Business as Pasta Cucina, Respondent, v Tor Valley, Inc., Appellant. [645 NYS2d 576] —Spain, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Meehan, J.), entered May 9, 1995 in Rockland County, which, *inter alia*, granted plaintiff's motion for a preliminary injunction staying separate summary proceedings.

Plaintiff (the tenant) and defendant (the landlord) executed a lease agreement on August 7, 1992 for a term of five years and four months for premises located on Little Tor Road South in the Town of Clarkstown, Rockland County. Plaintiff has operated a restaurant on the premises during the pendency of the lease. By letter dated December 7, 1994 and admittedly received on December 9, 1994, defendant served plaintiff with a notice to cure defaults which specifically detailed the alleged defaults under the terms of the lease and directed plaintiff, pursuant to paragraph 17 (1) of the lease, to remedy each default within 10 days. By letter dated December 22, 1994, after the 10-day cure period had expired and during which plaintiff had failed to cure the alleged defaults, defendant served plaintiff with a "notice of termination" and directed plaintiff to quit and surrender the premises on December 28, 1994.

On December 28, 1994 defendant commenced summary proceedings, pursuant to RPAPL article 7, in the Town of Clarkstown Justice Court. On December 30, 1994 plaintiff commenced the instant declaratory judgment action seeking a declaration of the rights of the parties under the lease. Plaintiff moved, by an order to show cause containing, *inter alia*, a stay of the summary proceeding, for a preliminary injunction pursuant to CPLR 6301 as well as a *Yellowstone* injunction (*see, First Natl. Stores v Yellowstone Shopping Ctr.*, 21 NY2d 630)

and consolidation of the instant action with the summary proceedings. Defendant cross-moved for an order denying the injunctive relief and, pursuant to CPLR 3211, the dismissal of the complaint. Supreme Court denied plaintiff's motion for a *Yellowstone* injunction but granted plaintiff's request for a statutory preliminary injunction enjoining defendant from disturbing plaintiff's possession pending a determination regarding plaintiff's alleged breach of the lease. Plaintiff was directed to post an undertaking, pursuant to CPLR 6312 (b), in the amount of $15,000. Supreme Court denied the remainder of defendant's cross motion and consolidated the summary proceedings with the instant action. Defendant appeals.

It is well settled that there is no basis for the relief provided by a *Yellowstone* injunction where the injunction is sought after expiration of the period to cure or after the service of the notice of termination (*see, Long Is. Gynecological Servs. v 1103 Stewart Ave. Assocs. Ltd. Partnership*, 224 AD2d 591; *Rappa v Palmieri*, 203 AD2d 270). Here, plaintiff lost its opportunity to cure the alleged defaults by failing to respond to the notice of default in a timely fashion. Once a lease has been terminated a court is without power to revive the lease (*see, First Natl. Stores v Yellowstone Shopping Ctr., supra*, at 637). Plaintiff's failure to seek injunctive relief during the cure period and before defendant acted to terminate the lease is fatal and, in our view, forecloses any opportunity for subsequent statutory injunctive relief (*see, Bowman & Co. v Professional Data Mgt.*, 218 AD2d 637, 637-638; *Manhattan Parking Sys.-Serv. Corp. v Murray House Owners Corp.*, 211 AD2d 534). Defendant's cross motion should have been granted. Accordingly, defendant is entitled to prosecute the summary proceedings in the local Justice Court forthwith.

Mercure, J. P., Crew III, Casey and Peters, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion denied, cross motion granted, complaint dismissed and summary proceedings transferred to the Town of Clarkstown Justice Court.