■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LIONEL BOWSER, JR., Appellant. [732 NYS2d 28] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered May 1, 2000, convicting him of burglary in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In June 1998, the complainant and the defendant, who had lived together since 1995, signed a "rental agreement" of unstated duration. Three months after vacating the rented house he shared with the complainant, the defendant returned one evening, shortly after midnight, kicked down the door, and entered the house while brandishing a machete-type knife.

Contrary to the defendant's contention, the trial court properly denied his request for a directed verdict. The defendant had no claim of lawful entry to the property, which he had abandoned three months earlier, based on the rental agreement (*see, Ritz Entertainment Org. v Unity Gallega,* 166 AD2d 186, 187; *cf., East Hampton Flight Servs. v Town of E. Hampton,* 262 AD2d 273). The complainant did not give him permission to enter, nor did the facts and circumstances provide the defendant with a reasonable basis to believe that he had a license or privilege to enter the premises (*see, People v Diaz,* 173 AD2d 554; *People v Dela Cruz,* 162 AD2d 312, 313; *People v Sandore,* 148 AD2d 1000, 1001; *People v Bell,* 131 AD2d 859, 861; *cf., People v McCargo,* 226 AD2d 480, 481; *People v Insogna,* 86 AD2d 979).

The trial court adequately instructed the jury as to the elements of burglary, including the requirement that the defendant entered the dwelling unlawfully (*see, People v Mensah,* 198 AD2d 91; *People v Diaz, supra; People v Dela Cruz, supra; People v Sandore, supra*). As the trial was not unduly long and did not involve complex factual and legal issues, the trial court did not err in failing to marshal the evidence (*see,* CPL 300.10 [2]; *People v Saunders,* 64 NY2d 665, 667; *People v Filardi,* 203 AD2d 301; *People v Wilson,* 210 AD2d 363, 364; *People v Patterson,* 121 AD2d 406). Santucci, J. P., S. Miller, Friedmann and Cozier, JJ., concur.