THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK M. MATUSZEK, Appellant. [752 NYS2d 774] —Appeal from a judgment of Yates County Court (Falvey, J.), entered February 9, 1999, convicting defendant after a jury trial of, inter alia, burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of burglary in the second degree (Penal Law § 140.25 [2]) and petit larceny (§ 155.25). By presenting evidence after County Court's implicit denial of his motion to dismiss at the close of the People's case and in failing to renew his motion, defendant waived review of the court's denial of that motion (*see People v Hines,* 97 NY2d 56, 61, *rearg denied* 97 NY2d 678; *People v Montana,* 298 AD2d 934). In any event, the evidence, viewed in the light most favorable to the People (*see People v Contes,* 60 NY2d 620, 621), is legally sufficient to support the conviction. A person commits the crime of burglary in the second degree when he knowingly enters or remains unlawfully in a dwelling with intent to commit a crime therein (§ 140.25 [2]). "A person 'enters or remains unlawfully' in or upon premises when he is not licensed or privileged to do so" (§ 140.00 [5]). Although defendant contends that he had a license or privilege to enter the complainant's home, the complainant testified at trial that defendant did not have her

permission. She testified that their romantic relationship had ended several weeks before the burglary and that the lock on her house had been broken. The jury was entitled to credit the testimony of the complainant that defendant did not have her permission to be in her home (*see People v Webster*, 290 AD2d 659, *lv denied* 98 NY2d 641; *cf. People v Tennant*, 285 AD2d 817, 818). The evidence is also legally sufficient to establish that defendant intended to commit larceny while inside the house. The complainant testified that defendant did not have her permission to take the money in the house, and defendant admitted to a witness and a police investigator that he stole the money from the complainant. The verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495). Contrary to defendant's further contention, the court properly allowed the People to call rebuttal witnesses (*see generally* CPL 260.30 [7]; *People v Harris,* 57 NY2d 335, 345, *cert denied* 460 US 1047). Present—Hayes, J.P., Wisner, Hurlbutt and Gorski, JJ.