THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MAYCUMBER, Appellant. [778 NYS2d 254]—

Appeal from a judgment of the Cayuga County Court (Peter E. Corning, J.), rendered June 19, 2003. The judgment convicted defendant, after a nonjury trial, of burglary in the second degree, petit larceny, and criminal mischief in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a nonjury trial of burglary in the second degree (Penal Law § 140.25 [2]), petit larceny (§ 155.25), and criminal mischief in the fourth degree (§ 145.00). Defendant's contentions concerning the alleged legal insufficiency of the evidence have not been preserved for our review (*see People v Loomis*, 255 AD2d 916 [1998], *lv denied* 92 NY2d 1051 [1999]; *see generally People v Gray*, 86 NY2d 10, 19 [1995]), and we decline to exercise our power to address those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Contrary to defendant's further contention, the verdict is not against the weight of the evidence with respect to the burglary charge (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Although defendant had spent four nights at the complainant's apartment with the complainant's permission, defendant had no reasonable basis for believing that he had a possessory interest in the premises after the complainant had asked him to leave the premises approximately one week earlier (*see* Penal Law § 140.00 [5]; *see also People v Matuszek*, 300 AD2d 1131, 1131-1132 [2002], *lv denied* 99 NY2d 630 [2003]; *People v Bull*, 136 AD2d 929 [1988], *lv denied* 71 NY2d 966 [1988]). Moreover, the testimony of defendant that he believed he had a right to enter the premises was belied by his signed statement to police in which he admitted that he and his brother forced open the door to the apartment and took a DVD/VCR unit that did not belong to them, which they subsequently sold to a third party. Thus, we further conclude that the verdict is not against the weight of the evidence with respect to the petit larceny charge. Based on the testimony of the complainant, a police officer, and the owner of the building that the door or door frame was damaged, we also conclude that the verdict is not against the weight of the evidence with respect to the charge of criminal mischief (*see generally People v Hills*, 95 NY2d 947, 949 [2000]).

We conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Defendant has failed to establish the lack of a tactical or strategic explanation for counsel's alleged deficiencies in representation (*see People v Claitt*, 222 AD2d 1038 [1995], *lv denied* 88 NY2d 982 [1996]; *see also People v Williams*, 305 AD2d 804, 808

[2003]; *People v Workman*, 277 AD2d 1029, 1031-1032 [2000], *lv denied* 96 NY2d 764 [2001]). Finally, the sentence is not unduly harsh or severe. Present—Wisner, J.P., Hurlbutt, Gorski, Martoche and Hayes, JJ.