■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES GREEN, Appellant. [838 NYS2d 42]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered July 9, 2004, convicting defendant, after a jury trial, of criminal possession of stolen property in the fourth degree (four counts) and petit larceny, and sentencing him, as a second felony offender, to an aggregate term of 2 to 4 years, unanimously affirmed.

We initially held our determination of this appeal in abeyance and remanded the matter for a hearing (33 AD3d 452 [2006]) in accordance with *People v Mendoza* (82 NY2d 415, 433-434 [1993]). As a result of the evidence adduced at that hearing, the court concluded that the security guard, an employee of Gap Incorporated who had observed defendant engage in shoplifting at one of Gap's Old Navy stores, was not an agent of the police. The guard, acting in a private capacity, detained and searched defendant on his own initiative, and then called the police to come and arrest him. Thus, defendant's detention did not amount to state action (*see People v Adler*, 50 NY2d 730, 737 [1980], *cert denied* 449 US 1014 [1980]; *People v Gleeson*, 36 NY2d 462, 465-466 [1975]; *People v Horman*, 22 NY2d 378 [1968], *cert denied* 393 US 1057 [1969]).

The hearing court's determination is supported by the record,

and defendant's right to cross-examine the security guard was not violated and was properly limited to inquiries relevant to the proceeding (*see Delaware v Van Arsdall*, 475 US 673, 679 [1986]; *People v Corby*, 6 NY3d 231, 234-235 [2005]; *People v Jones*, 289 AD2d 47, 48 [2001], *lv denied* 97 NY2d 756 [2002]; *People v Melcherts*, 225 AD2d 357 [1996], *lv denied* 88 NY2d 881 [1996]). Consequently, denial of defendant's motion to suppress evidence seized by the security guard and turned over to the police is mandated, including the evidence from the resulting police investigation of the usage of defendant's MetroCard in connection with his commission of an uncharged robbery on the same day as his shoplifting arrest (*see People v Bialostok*, 80 NY2d 738, 744 [1993] ["no . . . expectation (of privacy) could attach to information so knowingly and routinely turned over to a third party"]; *People v Di Raffaele*, 55 NY2d 234, 242 [1982]).

To the extent the trial court may have abused its discretion in admitting testimony regarding the uncharged robbery, such error was harmless, in view of the fact that evidence of defendant's guilt was overwhelming and there was no likelihood that the jury would have acquitted had the testimony been omitted (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Finally, the arresting officer's testimony as to defendant's admission of ownership of the MetroCard, without prior notice and after the People had represented that they did not intend to offer any such statement, was also harmless error, given the overwhelming evidence of guilt and the trial court's curative and general instruction to the jury (*id.*). Concur—Tom, J.P., Marlow, Nardelli, Williams and Buckley, JJ.