OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is modified, on the law, by vacating the conviction of unlawful possession of marihuana and by dismissing that count of the accusatory instrument, and the fine and surcharge imposed thereon, if paid, are remitted; as so modified, the judgment of conviction is affirmed.
The People charged defendant with trespassing on posted property, in that he drove his automobile on a private road that had been posted (ECL 11-2113), and possession of marihuana (Penal Law § 221.05). After a nonjury trial, the Justice Court convicted defendant of both offenses. Defendant appeals, alleging, among other claims of error, that the People failed to disprove his defense that he honestly believed he was licensed and privileged to enter upon the property, that his detention by a security guard employed by the property owners was illegal, as was the subsequent search of his automobile by the arresting deputy sheriff, mandating suppression of his statements and of the marihuana seized from his automobile, and that he was denied his statutory right to a speedy trial.
‘ ‘A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution” (People v Dreyden, 15 NY3d 100, 103 [2010]). The factual por *40 tion of an information “must contain a statement of the complainant alleging facts of an evidentiary character supporting or tending to support the charges” (CPL 100.15 [3]), which facts, if true, must establish every element of the offenses charged prima facie (CPL 100.40 [1] [b], [c]; People v Jones, 9 NY3d 259, 261-262 [2007]). In this case, the factual portion of the information failed to establish prima facie defendant’s possession of marihuana. The information merely alleged, conclusorily, that defendant possessed 4.7 grams of marihuana, without any representations as to a field or laboratory test of the substance recovered or as to the complainant’s training or experience in the identification of marihuana (People v Swamp, 84 NY2d 725, 731-733 [1995]; see also People v Kalin, 12 NY3d 225, 229 [2009] [“Standing alone, a conclusory statement that a substance seized from a defendant was a particular type of controlled substance does not meet the reasonable cause requirement”]). The only basis alleged for the belief that the substance was marihuana was defendant’s purported admission that he possessed marihuana (see People v Kalin, 12 NY3d at 229; People v Dumas, 68 NY2d 729, 731 [1986]). However, that admission was contained in a “Crime Report,” attached to the information as a supporting deposition, which was not sworn. CPL 100.30 requires that supporting depositions be properly verified in any of several ways, including “a form notice that false statements made therein are punishable as a class A misdemeanor pursuant to section 210.45 of the penal law,” which notice bears the deponent’s subscription (CPL 100.30 [1] [d]; People v Sullivan, 56 NY2d 378, 383 [1982]). In the absence of a verification, the facts asserted in the supporting deposition may not be considered in support of the information, rendering the information, insofar as it alleged a violation of Penal Law § 221.05, defective on its face. Accordingly, this conviction must be vacated, the count charging the offense dismissed, and the fine and surcharges imposed thereon, if paid, remitted.
The trial proof sufficed in quantity and quality to establish defendant’s guilt of trespass on posted property beyond a reasonable doubt. “A person who, regardless of his [or her] intent, enters or remains in or upon premises which are at the time open to the public does so with license and privilege” (Penal Law § 140.00 [5]; People v Leonard, 62 NY2d 404, 408 [1984]), and a person who “honestly believes that he [or she] is licensed or privileged to enter [a premises], is not guilty of any degree of criminal trespass” (People v Basch, 36 NY2d 154, 159 *41 [1975]). However, defendant admitted at trial that, before entering onto the road accessing the property in question, he had observed signs alongside the road, as well as a sign facing incoming traffic but affixed to a barricade blocking only the outgoing lane of traffic, which indicated that access to the property and road was barred to those without license or privilege.
Defendant insisted, nevertheless, that he was not aware that the signs applied to the roads traversing the posted property, and he argues on appeal that the People’s proof failed to establish, beyond a reasonable doubt, that he knew his entry onto the property was neither licensed nor privileged. However, defendant is presumed to have understood the import of such notices (see ECL 11-2111 [2]), and viewed in the light most favorable to the prosecution, the evidence was legally sufficient to establish the elements of the offense beyond a reasonable doubt (People v Contes, 60 NY2d 620, 621 [1983]). In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), we must accord great deference to the Justice Court’s opportunity at the trial to view the witnesses, hear their testimony, observe their demeanor and assess their credibility (see People v Romero, 7 NY3d 633 [2006]). The Justice Court did not explicitly state whether it rejected, as incredible, defendant’s claim of an honest, if mistaken, belief in a license or privilege to enter onto the posted property, or whether, however credible, it considered such a belief unreasonable as a matter a matter of law (e.g. People v Jackson, 38 AD3d 1052, 1054 [2007]; People v Bowser, 287 AD2d 647 [2001]; People v Bell, 131 AD2d 859, 861 [1987]). In either case, the verdict was not against the weight of the evidence (People v Bleakley, 69 NY2d 490, 495 [1987]).
We have considered defendant’s remaining claims of error and find them moot, unpreserved for appellate review, or without merit (see People v Lawrence, 64 NY2d 200 [1984]; People v Green, 41 AD3d 162 [2007]; People v Martinez, 9 AD3d 679 [2004]).
Accordingly, the judgment of conviction is modified by vacating the conviction of unlawful possession of marihuana and dismissing that count of the accusatory instrument, and the fine and surcharges imposed thereon, if paid, are remitted.
Nicolai, EJ., LaCava and Iannacci, JJ., concur.