# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**792**

**KA 10-00392**

PRESENT: SCUDDER, P.J., SMITH, CARNI, SCONIERS, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DANIEL P. SHAY, DEFENDANT-APPELLANT.

---

JOHN E. TYO, SHORTSVILLE, FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (HEATHER A. PARKER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered November 2, 2007. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree, criminal mischief in the third degree, assault in the third degree, menacing in the second degree and coercion in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, burglary in the second degree (Penal Law § 140.25 [2]). Contrary to defendant's contention, the evidence is legally sufficient to support the burglary conviction inasmuch as the People established that he entered or remained unlawfully in the victim's apartment with the intent to commit a crime therein (*see id.; see generally People v Bleakley*, 69 NY2d 490, 495). The victim of the burglary testified at trial that she told defendant that he "needed to leave" her apartment, where he had been residing with her permission for no longer than a week. The victim further testified that, on the night of the incident, she told defendant "to go away," but he pushed open the door and forced his way into the apartment and assaulted her. We thus conclude that the evidence is legally sufficient to permit the inferences that defendant was not licensed or privileged to enter the victim's apartment on the date in question (*see* § 140.00 [5]; *see generally People v Graves*, 76 NY2d 16, 20; *People v Bonney*, 69 AD3d 1116, 1119-1120, *lv denied* 14 NY3d 838; *People v Maycumber*, 8 AD3d 1071, *lv denied* 3 NY3d 678), and that he entered with the intent to assault the victim. The evidence is also legally sufficient to support the inference that defendant entered the premises knowing that his permission with respect thereto had been revoked (*see generally Maycumber*, 8 AD3d at 1072; *People v Dela Cruz*, 162 AD2d 312, 313, *lv denied* 76 NY2d 892). Viewing the evidence in light of the elements of the crime of burglary in the second degree as

charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict with respect to that count is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant failed to preserve for our review his further contention that County Court penalized him for exercising his right to a trial by imposing a longer term of incarceration than that offered during plea negotiations (*see People v Brink*, 78 AD3d 1483, 1485, *lv denied* 16 NY3d 742, 828; *People v Lombardi*, 68 AD3d 1765, *lv denied* 14 NY3d 802).  In any event, that contention is without merit.  Upon our review of the record, we perceive " 'no retaliation or vindictiveness against the defendant for electing to proceed to trial' " (*People v Dorn*, 71 AD3d 1523, 1524; *see People v Brown*, 67 AD3d 1427, *lv denied* 14 NY3d 839).  Finally, the sentence is not unduly harsh or severe.

Entered:  June 17, 2011                           Patricia L. Morgan
                                                  Clerk of the Court