# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

987

KA 09-02539

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

CLAYTON H. STEVENS, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (MARIA MALDONADO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered November 10, 2009. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated, a class D felony, unlawful possession of marihuana, failure to wear a seat belt and consumption of alcoholic beverages or possession of an open container containing alcoholic beverages in a motor vehicle.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, felony driving while intoxicated (DWI) (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [ii]), failure to wear a seat belt (§ 1229-c [3]), and consumption of alcoholic beverages or possession of an open container containing alcoholic beverages in a motor vehicle (§ 1227 [1]). Contrary to the contention of defendant, we conclude that, viewing the evidence in light of the elements of those crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Although a different result would not have been unreasonable, " '[t]he jury was entitled to resolve issues of credibility in favor of the People . . . , and it cannot be said that the jury failed to give the evidence the weight it should be accorded' " (*People v Caver*, 56 AD3d 1204, 1204, *lv denied* 12 NY3d 781).

We reject defendant's further contention that County Court failed to fashion an appropriate *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371, 374). We conclude that the court's *Sandoval* compromise, in which it limited questioning on defendant's prior convictions for DWI-related offenses to whether defendant had been convicted of a felony or misdemeanor on the appropriate date, "reflects a proper exercise of

the court's discretion" (*People v Thomas*, 305 AD2d 1099, 1099, *lv denied* 100 NY2d 600). The court did not abuse its discretion in further permitting specific questioning as to defendant's other convictions, even though they were remote in time (*see generally People v Walker*, 83 NY2d 455, 458-459).

Defendant failed to preserve for our review his challenge that he was punished for exercising his right to a trial (*see People v Carey*, 92 AD3d 1224, 1225, *lv denied* 18 NY3d 992; *People v Shay*, 85 AD3d 1708, 1709, *lv denied* 17 NY3d 822). In any event, we conclude that the contention is without merit (*see People v Coapman*, 90 AD3d 1681, 1684, *lv denied* 18 NY3d 956; *People v Dorn*, 71 AD3d 1523, 1524). Finally, the sentence is not unduly harsh or severe.

Entered: September 27, 2013

Frances E. Cafarell
Clerk of the Court